IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:19CR36–HEH |
| | ) |
| CHARLES LEE AVERY, | ) |
| | ) |
| Petitioner. | ) |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Motion)**

Charles Lee Avery, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 222).[1] The Government has filed a Response. (ECF No. 231.) Avery has replied. (ECF Nos. 233, 234.) For the reasons set forth below, the § 2255 Motion will be denied because it is untimely.

### I. PROCEDURAL HISTORY

On March 5, 2019, a grand jury charged Avery with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts Nine and Ten). (ECF No. 3, at 4–5.) On May 8, 2019, Avery pled guilty to both counts. (ECF No. 43, at 1.) On August 2, 2019, the Court entered judgment against Avery and sentenced him to 96 months of incarceration on each count, to run concurrently. (ECF No. 76, at 2.) Avery did not appeal.

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from Avery's submissions.

On July 21, 2020, the Court received Avery's first 28 U.S.C. § 2255 motion. (ECF No 151.) The Court directed service on the Government and on September 22, 2020, the Government filed its Response. (ECF No. 158.) However, on November 16, 2020, Avery filed a request to withdraw the § 2255 motion, and by Memorandum Order entered on December 14, 2020, the Court granted Avery's request and dismissed the motion without prejudice.[2]

Nearly a year and a half later, on March 29, 2022, Avery filed the present § 2255 Motion.[3] In the § 2255 Motion, Avery raises the following claim for relief:

> Claim One: Counsel rendered ineffective assistance by permitting Avery to plead guilty to a "constitutionally defective indictment" under *Rehaif v. United States*, [139 S. Ct. 2191 (2019)] and therefore his plea is invalid. (ECF No. 222, at 4; ECF No. 222-1, at 2–6.)

As discussed below, Claim One is untimely and barred by the statute of limitations.

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

---

[2] The same day as the Court granted Avery's request to withdraw his § 2255 motion, confusingly, the Court received a request for an extension of time. (ECF No. 165.) Because the Court already had dismissed Avery's § 2255 motion at his request, the Court denied the request for extension of time as moot. (ECF No. 167.)

[3] This is the day Avery indicated that he placed his § 2255 Motion in the prison mailing system. (ECF No. 222, at 12.) The Court deems March 29, 2022 as the filed date. *Cf. Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A.  **28 U.S.C. § 2255(f)(1)**

Because Avery did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, August 16, 2019, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Avery had one year, or until Monday, August 17, 2020, in which to file his § 2255 motion.[4] Avery failed to file his § 2255 Motion until March 29, 2022. Thus, Avery's § 2255 Motion is untimely unless he demonstrates some basis for a belated commencement of the limitation period or some

---

[4] Although Avery filed his first motion in July of 2020, he later chose to withdraw that motion in November 2020. However, the time that this first § 2255 motion was pending fails to toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

3

equitable basis for avoiding the limitation period. Avery fails to provide any argument that his § 2255 Motion is timely. Nevertheless, the Court construes Avery to argue that *Rehaif v. United States*, 139 S. Ct. 2191 (2019) provides him with a belated commencement of the limitations period under § 2255(f)(3).

### B. Belated Commencement

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date of which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [Avery] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). However, even if *Rehaif* was a new, retroactive right recognized by the United States Supreme Court, Avery's § 2255 Motion remains untimely. *Rehaif* was decided on June 21, 2019. Therefore, to be timely, Avery needed to file his § 2255 Motion raising his *Rehaif* claim no later than June 22, 2020. Avery failed to file his § 2255 Motion until March 29, 2022, well-beyond the one-year period for bringing such a claim. Accordingly, Claim One is untimely and will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Avery's § 2255 Motion (ECF No. 222) will be denied.

The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany the Memorandum Opinion.

                                           /s/
                               HENRY E. HUDSON
Date: August 8, 2022     SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia